IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEITH PARKS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:17-cv-02562-M |
| | § | |
| PRATT INDUSTRIES, INC, fka | § | |
| PRATT INDUSTRIES (U.S.A.), Inc., and | § | |
| PRATT (FORT WORTH CORRUGATING) | § | |
| LLC, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE AND
OTHER DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants Pratt Industries, Inc. fka Pratt Industries (U.S.A.), Inc. and Pratt (Fort Worth Corrugating), LLC (collectively referred to herein as "Defendants"),[1] file this Answer and Affirmative and Other Defenses to Plaintiff's First Amended Complaint ("Complaint") as follows:

**I.
ANSWER**

Defendants answer as follows, and the headings and numbers assigned to these paragraphs correspond to the headings and numbered paragraphs in Plaintiff's Complaint:

**I.
Introduction**

1.01    Defendants deny the allegations of fact contained in Paragraph 1.01 of the Complaint.

---

[1] Pratt Industries (U.S.A.), Inc. and/or Pratt Industries, Inc. were not Plaintiff's employer, and are therefore, not the proper Defendants in this case. Rather, Pratt (Fort Worth Corrugating), LLC was Plaintiff's employer.

## II.
## Parties

2.01   Defendants have insufficient knowledge to admit or deny Plaintiff's residency; therefore, they deny the same.

2.02   Defendants admit that Pratt Industries, Inc. is a Delaware Corporation. Defendants deny the remaining allegations in Paragraph 2.02 of the Complaint, and deny that Pratt Industries, Inc. is a proper defendant in this case.

2.03   Defendants admit Pratt (Fort Worth Corrugating) LLC was Plaintiff's employer. Defendants admit that Pratt (Fort Worth Corrugating) LLC is a foreign company registered to do business in the State of Texas with its principal place of business located at 1800-C Sarasota Parkway, Conyers, GA 30013. Defendants deny the remaining allegations in Paragraph 2.03 of the Complaint.

## III.
## Jurisdiction and Venue

3.01   Defendants admit the Court has federal question and supplemental jurisdiction over Plaintiff's claims asserted in this case.

3.02   Paragraph 3.02 of Plaintiff's Complaint calls for a legal conclusion to which no response is required and, therefore, Defendants deny the allegations contained therein.

## IV.
## Background Facts

4.01   Defendants admit Plaintiff began working for Pratt (Fort Worth Corrugating) LLC in 2014 as a Maintenance Manager. Defendants deny the remaining allegations contained in Paragraph 4.01 of the Complaint.

4.02    Defendants do not have sufficient information to admit or deny the allegations in Paragraph 4.02 of the Complaint that relate to Plaintiff's health; therefore, they deny same. Defendants deny the remaining allegations contained in Paragraph 4.02 of the Complaint.

4.03    Defendants do not have sufficient information to admit or deny the allegations in Paragraph 4.03 of the Complaint that relate to Plaintiff's health; therefore, they deny same. Defendants admit that Plaintiff had unused vacation time. Except as expressly admitted, Defendants deny the remaining allegations contained in Paragraph 4.03 of the Complaint.

4.04    Defendants deny the allegations contained in Paragraph 4.04 of the Complaint.

4.05    Defendants deny that Plaintiff was a salaried employee and that he told Bobby Hunter that he did not work the July 8-9, 2017 weekend because of his wife's birthday. Except as expressly admitted, Defendants deny the remaining allegations contained in Paragraph 4.05 of the Complaint.

4.06    Defendants admit that Brittany Gilliam met with Plaintiff and gave him an FLMA form on July 12, 2017. Except as expressly admitted, Defendants deny the remaining allegations contained in Paragraph 4.06 of the Complaint

4.07    Defendants admit that Bobby Hunter told Plaintiff that his employment was terminated on July 12, 2017 and that Plaintiff took his tools with him when he left the premises. Except as expressly admitted, Defendants deny the remaining allegations contained in Paragraph 4.07 of the Complaint.

4.08    Defendants admit that Bobby Hunter told Plaintiff that his employment was terminated on July 12, 2017. Except as expressly admitted, Defendants deny the remaining allegations contained in Paragraph 4.08 of the Complaint.

## V.
## Count One
## FMLA

5.01   Defendants incorporate the foregoing paragraphs in this Complaint as if fully set forth herein.

5.02   Paragraph 5.02 of Plaintiff's Complaint calls for a legal conclusion to which no response is required and, therefore, Defendants deny the allegations contained therein.

5.03   Paragraph 5.03 of Plaintiff's Complaint calls for a legal conclusion to which no response is required and, therefore, Defendants deny the allegations contained therein.

5.04   Paragraph 5.04 of Plaintiff's Complaint calls for a legal conclusion to which no response is required and, therefore, Defendants deny the allegations contained therein.

5.05   Defendants deny the allegations contained in Paragraph 5.05 of Plaintiff's Complaint.

5.06   Paragraph 5.06 of Plaintiff's Complaint calls for a legal conclusion to which no response is required and, therefore, Defendants deny the allegations contained therein.  To the extent Paragraph 5.06 includes factual allegations, Defendants deny the allegations contained therein.

5.07   Defendants deny the allegations contained in Paragraph 5.07.

5.08   Defendants deny the allegations contained in Paragraph 5.08.

5.09   Defendants deny the allegations contained in Paragraph 5.09.

## VI.
## Count Two
## Disability Discrimination

6.01   Defendants incorporate the foregoing paragraphs in this Complaint as if fully set forth herein.

6.02    Defendants are without sufficient information with regard to whether Plaintiff timely filed his Charge of Discrimination and/or has timely brought his claims, and therefore, deny the same and deny the remaining allegations.

6.03    Defendants deny the allegations contained in Paragraph 6.03.

6.04    Defendants deny the allegations contained in Paragraph 6.04.

6.05    Defendants deny the allegations contained in Paragraph 6.05.

6.06    Defendants deny the allegations contained in Paragraph 6.06.

6.07    Defendants deny the allegations contained in Paragraph 6.07.

6.08    Defendants deny the allegations contained in Paragraph 6.08

## VII.
## Jury Demand

7.01    Defendants admit Plaintiff demands a jury but denies that he is entitled to any requested relief.

### Plaintiff's Prayer for Relief

Defendants admit Plaintiff asserts a claim for damages in this case, but denies any liability to Plaintiff and denies that Plaintiff is entitled to any requested relief. Any allegations in Plaintiff's Complaint which have not been specifically admitted herein are hereby specifically denied.

## II.
## AFFIRMATIVE AND OTHER DEFENSES

Additionally, without admitting that it carries the burden of proof as to any of the issues raised thereby, Defendants assert the following separate and distinct defenses to Plaintiff's Complaint and each purported cause of action therein, and prays for judgment as set forth below:

1.    Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.    Plaintiff is not entitled to, nor does the law allow, the damages pleaded by Plaintiff.

3. Some or all of Plaintiff's claims are barred by the applicable statute of limitations and/or the equitable doctrine of laches, waiver, and/or estoppel.

4. Plaintiff's claims are barred to the extent Plaintiff failed to exhaust administrative remedies. Plaintiff's claims are barred to the extent they exceed the scope of his EEOC and or Texas Commission on Human Rights Charge(s) and/or the reasonable investigation that could have been expected to grow out of such charge(s) or to the extent Plaintiff failed to timely bring this lawsuit or timely file his charge(s).

5. Any actions taken by Defendants were taken for non-discriminatory, non-retaliatory, legitimate business reasons that were in no way related to Plaintiff's use of Family Medical leave Plaintiff's alleged disability, perceived disability, purported request for accommodation, or any purported protected activity. Defendants would have taken the same course of action even in the absence of the discriminatory or retaliatory motive alleged by Plaintiff.

6. Any improper, illegal, discriminatory, or retaliatory acts taken by an employee of Defendants against Plaintiff, if any, were outside the course and scope of that employee's employment, contrary to Defendants' policies and good efforts to comply with the law and were not ratified, confirmed or approved by Defendants.

7. Defendants have in place and clear and well disseminated policy prohibiting discrimination and retaliation and a reasonable and available procedure for handling complaints thereof, which provides for prompt and effective responsive action. To the extent Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by Defendants, or otherwise avoid harm, Plaintiff's claims of alleged discrimination and retaliation are barred.

8. Plaintiff was not a qualified individual entitled to protection under the Americans with Disabilities Act ("ADA"). Further, Plaintiff is not a qualified individual entitled to protection under Chapter 21 of the Texas Labor Code.

9. To the extent Plaintiff claims Defendants failed to accommodate any alleged disability, the claim is barred to the extent Plaintiff failed to request any accommodation or engage in the interactive process.

10. With respect to Plaintiff, Defendants have acted in good faith and with reasonable grounds to believe that its actions and omissions were not in violation of the FMLA, the ADA, the THRCA, Chapter 21 of the Texas Labor Code, or any other applicable law, and therefore, Defendant should not be liable for liquidated damages or punitive damages.

11. Plaintiff is not entitled to exemplary damages including, but not limited to, because such damages are not available under the FMLA. Moreover, any award of punitive damages in this case would violate the Texas Constitution and the United States Constitution.

12. Plaintiff is not entitled to punitive damages including, but not limited to, because such damages are not available under the FMLA. Moreover, none of Defendants' actions or inactions toward Plaintiff, if any, were committed with malice and/or reckless indifference or disregard of any rights of Plaintiff.

13. Plaintiff's claim for compensatory damages are subject to the limitations set forth in Texas Labor Code § 21.2585.

14. Plaintiff's claims for damages are subject to any applicable damage caps.

15. Plaintiff is not entitled to emotional distress damages including, but not limited to, because such damages are not available under the FMLA. Further, any alleged emotional distress

claimed by Plaintiff was not so intense or of such duration that no ordinary person should be expected to endure it.

16. Any emotional distress suffered or claimed to have been suffered by Plaintiff was not reasonable or justified under the circumstances.

17. Defendants hereby plead and invoke the application of the limitations placed on awards of exemplary damages by the constitutions of both Texas and the United States.

18. Any improper, illegal, discriminatory, or retaliatory actions by any employee of Defendants were independent, intervening and unforeseeable acts that were not ratified, confirmed, or approved by Defendants' and thus cannot be attributed or imputed to Defendants.

19. Defendants are entitled to an offset against Plaintiff's alleged damages for earnings or other income received by Plaintiff.

20. Plaintiff is not entitled to liquidated damages.  None of Defendants' actions or inactions toward Plaintiff, if any, were in willful violation of the FMLA.

21. Plaintiff's lawsuit is frivolous, without foundation, vexatious, and/or brought in bad faith.

22. Irrespective of any alleged unlawful motive, Defendants' actions regarding Plaintiff would have been the same.

23. Plaintiff did not engage in the requisite protected conduct necessary to establish a retaliation claim.

24. To the extent, if any, that Plaintiff has suffered damages and/or losses, which Defendant denies, Plaintiff has failed to take reasonable steps to mitigate such damages or losses.

25. Plaintiff's claimed damages, which Defendant denies, are barred by the doctrine of after-acquired evidence.

26. Defendants reserve the right to amend this Answer to include additional defenses.

THEREFORE, Defendants respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice and award Defendants their costs and attorneys' fees in this action and all such other relief as the Court deems just and proper.

## III.
## CONCLUSION AND PRAYER

WHEREFORE, Defendants pray their Answer to Plaintiff's Complaint be deemed good and sufficient, and after due proceedings, judgment be entered in favor of Defendants and against Plaintiff, dismissing all of Plaintiff's asserted claims with prejudice, and with attorneys' fees and costs assessed against Plaintiff; and that Defendants be awarded such other and further relief, at law or in equity, which the Court deems just and proper.

Respectfully submitted,

*s/Adam T. Dougherty*
Adam T. Dougherty
State Bar No. 24026809
adam.dougherty@ogletreedeakins.com
Robyn M. Funk
Texas Bar No. 24104415
robyn.funk@ogletreedeakins.com

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
Preston Commons West
8117 Preston Road, Suite 500
Dallas, Texas 75225
Telephone: (214) 987-3800
Facsimile: (214) 987-3927

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of May 2018, I caused a true and correct copy of the above and foregoing *Defendants' Answer and Affirmative and Other Defenses to Plaintiff's First Amended Complaint* to be filed with the Clerk of Court, using the CM/ECF system that will send notification of such filing to the following:

John H. Crouch, IV
Kilgore & Kilgore, PLLC
3109 Carlisle, Suite 200
Dallas, Texas 75204

*s/ Adam T. Dougherty*
Adam T. Dougherty

33964566.1